| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO<br>STATE OF COLORADO<br>270 S Tejon, Colorado Springs, CO 80903 | DATE FILED<br>January 28, 2026 11:48 AM<br>FILING ID: 94B25456497D4<br>CASE NUMBER: 2026CV30255 |
| PLAINTIFF: **KATHY S. CASIAS**<br><br>v.<br><br>DEFENDANTS: **WALMART INC.** | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Jeffrey Scott Lasswell, P.C.<br>Jeffrey Scott Lasswell, #33390<br>104 S Cascade Avenue, Suite 202<br>Colorado Springs, CO 80903<br>Phone Number: (719) 635-1245<br>FAX : (719) 389-1353<br>E-mail : lasswell@jslpc.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

COMES NOW Plaintiff, by and through undersigned counsel, and for her Complaint against Defendant, states:

I. INTRODUCTION

1. This is a civil action for damages arising from injuries sustained by Plaintiff while lawfully present on real property owned, occupied, and/or controlled by Defendant.
2. Plaintiff's claims arise exclusively under Colorado's Premises Liability Statute, C.R.S. § 13-21-115 for injuries occurring on the landowner's property.
3. Plaintiff expressly does not request a jury trial and affirmatively waives any right to trial by jury.

4. II. PARTIES

4. Plaintiff is an individual residing in El Paso County Colorado.
5. Defendant is an Arkansas corporation currently operating in the State of Colorado that owned, occupied, and/or exercised control over the subject property at all relevant times.
6. At all relevant times, Defendant qualified as a "landowner" as that term is defined in C.R.S. § 13-21-115(1).

III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to C.R.S. § 13-1-124 as this action seeks legal and equitable relief within the jurisdictional authority of the Colorado District Court.
8. Venue is proper in this Court pursuant to C.R.C.P. 98(c) because this is an action lying in

IV. GENERAL ALLEGATIONS (LICENSEE)

9. On or about October 30, 2024, Plaintiff was present on Defendant's property located at 3201 E Platte Ave, Colorado Springs, Colorado with Defendant's permission and for purposes directly related to Defendant's business and benefit.
10. At all relevant times, Plaintiff was a licensee as defined by C.R.S. § 13-21-115(5)(b).
11. Defendant owned, occupied, maintained, and/or exercised control over the subject property and the area where Plaintiff was injured.
12. A dangerous condition existed on the property, including water on the cement floor in the entry way of Defendant's store, insufficient mats on the floor in the area to prevent customers from slipping on slippery floors and no wet floor signage in the area where Plaintiff was caused to fall ("Dangerous Conditions").

13. Prior to Plaintiff's injury, Defendant had actual knowledge, or at least should have known, of the Dangerous Conditions.

14. The Dangerous Conditions was not open and obvious to Plaintiff under the circumstances.

15. Defendant failed to exercise reasonable care with respect to the Dangerous Conditions, including failing to:

a. Warn Plaintiff of the Dangerous Condition; and/or

b. Make the Dangerous Condition reasonably safe.

16. Defendant's conduct was unreasonable under the circumstances.

17. As a direct and proximate result, Plaintiff suffered injuries and damages.

V. CLAIM FOR RELIEF
Premises Liability – C.R.S. § 13-21-115

15. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

16. Defendant was a landowner within the meaning of C.R.S. § 13-21-115(1).

17. Plaintiff was an invitee on the subject property at the time of injury.

18. Defendant breached the applicable duty of care owed to Plaintiff under C.R.S. § 13-21-115(3) by failing to:

a. Exercise reasonable care to protect Plaintiff from dangers of which Defendant knew or should have known; and/or

b. Warn Plaintiff of unreasonable dangers present on the property.

19. Defendant's breach was a direct and proximate cause of Plaintiff's injuries and damages.

20. Plaintiff is entitled to recover damages as permitted under C.R.S. § 13-21-115 and applicable Colorado law.

VI. DAMAGES

21. Plaintiff has suffered damages including, but not limited to:

- Physical injuries
- Medical expenses (past and future)
- Pain and suffering
- Loss of enjoyment of life
- Economic losses as allowed by law

22. The full amount of damages will be proven at trial.

VII. NO JURY DEMAND / WAIVER OF JURY TRIAL

23. Plaintiff affirmatively waives any right to a trial by jury on all claims and issues so triable.

24. Plaintiff requests that this matter be tried to the Court as a bench trial.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For costs, pre- and post-judgment interest as allowed by law;

C. For such other and further relief as the Court deems just and proper.

Dated: January 28, 2026

Jeffrey Scott Lasswell, P.C.
*/s/ Jeffrey Scott Lasswell*
Jeffrey Scott Lasswell, #33390
Attorney for Plaintiff

*In accordance with C.R.C.P. 121 § 1-29(9) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*